UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA ODOM, et al., | No. 2:17-cv-1417 KJM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiffs are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiffs' complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiffs seek to obtain new Social Security numbers.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, plaintiffs' complaint will be dismissed with leave to amend.

**I.  Plaintiffs' Application to Proceed In Forma Pauperis**

Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis. Here, only plaintiff Laila Odom has applied for leave to proceed in forma

1 pauperis.  Moreover, although Odom's in forma pauperis application makes the financial showing
2 required by 28 U.S.C. § 1915(a)(1), a determination that a plaintiff qualifies financially for in
3 forma pauperis status does not complete the inquiry required by the statute.  "'A district court
4 may deny leave to proceed in forma pauperis at the outset if it appears from the face of the
5 proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152
6 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370
7 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638
8 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to
9 proceed IFP because it appears from the face of the amended complaint that McGee's action is
10 frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of
11 the District Court to examine any application for leave to proceed in forma pauperis to determine
12 whether the proposed proceeding has merit and if it appears that the proceeding is without merit,
13 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

14 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
15 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
16 state a claim on which relief may be granted, or seeks monetary relief against an immune
17 defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
18 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
19 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
20 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
21 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

22 To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
23 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
24 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
25 true the material allegations in the complaint and construes the allegations in the light most
26 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
27 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
28 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiffs' Complaint

Here, the complaint identifies plaintiff Laila Odom, plaintiff "R. King," and two "minor children." (Compl. (ECF No. 1) at 1.)  However, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")  Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

Moreover, the complaint fails to contain a short and plain statement of a claim showing that plaintiffs are entitled to relief.  In this regard, the complaint alleges that plaintiffs are participants in "the Safe at Home program" through the California Secretary of State and that "the offender" was able to locate plaintiffs through their Social Security numbers. (Compl. (ECF No. 1) at 6.)  The complaint, however, does not allege what cause of action is being asserted against the Social Security Administration.[1]

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

---

[1] Plaintiffs may wish to consult the Social Security Administration's New Numbers for Domestic Violence Victims information sheet available at www.ssa.gov/pubs/EN-05-10093.pdf.

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

### III. Leave to Amend

For the reasons stated above, plaintiffs' complaint must be dismissed. The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the extremely vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' complaint will therefore be dismissed, and plaintiffs will be granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While

1  legal conclusions can provide the complaint's framework, they must be supported by factual
2  allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from
3  conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

4      Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make
5  an amended complaint complete.  Local Rule 220 requires that any amended complaint be
6  complete in itself without reference to prior pleadings.  The amended complaint will supersede
7  the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended
8  complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in
9  the caption and identified in the body of the complaint, and each claim and the involvement of
10 each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect
11 to file must also include concise but complete factual allegations describing the conduct and
12 events which underlie plaintiffs' claims.

13 **IV.     Conclusion**
14     Accordingly, IT IS HEREBY ORDERED that:
15     1.  The complaint filed July 10, 2017 (ECF No. 1) is dismissed with leave to
16 amend.
17     2.  Within twenty-eight days of the date of this order, plaintiff R. King shall file an
18 application to proceed in forma pauperis or pay the applicable filing fee.[2]
19     3.  Within twenty-eight days from the date of this order, an amended complaint shall be
20 filed that cures the defects noted in this order and complies with the Federal Rules of Civil
21 Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number
22 assigned to this action and must be titled "Amended Complaint."[4]
23 ////

---

[2] Plaintiff Laila Odom need not file another application to proceed in forma pauperis at this time unless plaintiff Laila Odom's financial condition has improved since the last such application was submitted.
[3] Alternatively, if plaintiffs no longer wishes to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.
[4] The amended complaint shall be signed by each adult plaintiff.  Any minor plaintiffs shall be represented by counsel.

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  October 10, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/odom0141.dism.lta.ord