UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA ODOM, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | No. 2:17-cv-1417 KJM DB PS<br><br><br>ORDER |

        Plaintiffs are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        On July 10, 2017, plaintiffs commenced this action by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The complaint sought new Social Security numbers for the plaintiffs. On October 10, 2017, the complaint was dismissed with leave to amend. (ECF No. 5.) Plaintiffs failed to file an amended complaint, and this action was closed on July 13, 2018. (ECF Nos. 10 & 11.)

        However, on July 10, 2017, plaintiffs also filed a "motion to seal filing and ruling on this case." (ECF No. 3.) The filing states, in its entirety:

> I am requesting to have my case sealed and all information pertaining to it made confidential. My case pertains to protecting the identity and safety of myself and minor children. All matters pertaining to

1

> my case at the superior court level as you will see was filed confidential, and the Secretary of State is protecting our identity and documents including birth certificates have also been sealed.

(Id. at 1.)

In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, plaintiffs' filing is vague, conclusory, and fails to show even good cause for filing this action under seal. Although the filing makes clear a generalized concern about safety and the identities of the plaintiffs, no further information is provided. There is nothing apparent from plaintiffs' filings that would justify sealing this action. Moreover, the defendant named in this action is the Commissioner of Social Security. Service of the complaint on the defendant was never ordered. And this action is now closed. (ECF No. 11.)

Accordingly, IT IS HEREBY ORDERED that plaintiffs' July 10, 2017 motion to seal (ECF No. 3) is denied and the Clerk of Court is DIRECTED to UNSEAL the case.

Dated: July 17, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/odom0141.seal.den.ord

2